IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARLENE BROWN, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:15-cv-03771-GLR |
| | * | |
| FREDERICO DON BROOM, *et al.* | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT, FEDERAL HOME LOAN MORTGAGE'S MOTION TO DISMISS

Defendant, Federal Home Loan Mortgage Corporation, through undersigned counsel, David A. Skomba, Carrie V. O'Brien, and FRANKLIN & PROKOPIK, P.C., and pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6) hereby moves to dismiss Plaintiffs' First Amended Complaint. The Complaint fails to state a claim upon which relief may be granted and dismissal is warranted and proper as a matter of law. In support thereof, Defendant, Federal Home Loan Mortgage Corporation, refers the Court to the Memorandum of Points and Authorities filed contemporaneously with this Motion and which is fully incorporated hereto and adopted herewith.

WHEREFORE, Defendant, Federal Home Loan Mortgage Corporation, respectfully requests that this Honorable Court grant this Motion and/or afford it such other and further relief as justice and the nature of its cause may require.

Respectfully submitted,

/s/
David A. Skomba (No. 23664)
Carrie V. O'Brien (No. 18857)
FRANKLIN & PROKOPIK, P.C.
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3061
(410) 752-6868 (fax)
dskomba@fandpnet.com
cobrien@fandpnet.com
*Attorneys for Defendant,*
*Federal Home Loan Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December, 2015, a copy of the foregoing *Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss and Proposed Order* was sent electronically through the ECF system and by First Class US Mail postage prepaid to:

Lauren Geisser, Esquire
GILMAN & BEDIGAN, LLC
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
*Attorney for Plaintiff*

And served via first-class mail on:

Frederico Don Broom
1104 Baker Avenue
Woodlawn, MD 21207
*Defendant Pro Se*

Tanya Louise Dunn
1702 E. 33rd Street
Baltimore, MD 21218
*Defendant Pro Se*

/s/
David A. Skomba

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DARLENE BROWN,** *et al.* | * | |
| **Plaintiffs,** | * | |
| v. | * | Civil Action No.: 1:15-cv-03771-GLR |
| | * | |
| **FREDERICO DON BROOM,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL HOME LOAN MORTGAGE COROPORTATION'S MOTION TO DISMISS

Defendant, Federal Home Loan Mortgage Corporation, (hereinafter "Freddie Mac"), through undersigned counsel, David A. Skomba, Carrie V. O'Brien, and FRANKLIN & PROKOPIK, P.C., and pursuant to Federal Rule Civ. Pro. 12(b)(6) submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiffs' First Amended Complaint.

Plaintiff's complaint is meritless on its face. There is no plausible basis under which Freddie Mac could be liable for the actions of *a dog owned by a third party* as asserted by Plaintiff, particularly *at a property that Freddie Mac did not possess or control at the time of the alleged incident*. As a foreclosing lender without possession or control of the subject property, Freddie Mac owed no duty to Plaintiff and the Court should dismiss the Complaint against Freddie Mac, with prejudice.

### I.  BACKGROUND

Freddie Mac is a government-sponsored enterprise created to promote a stable secondary market for residential mortgages. To accomplish this statutory mission, Freddie Mac purchases mortgages from lenders across the country and generally packages them into securities that can

1

be sold to investors or retains mortgages in its portfolio. Through its secondary market role, Freddie Mac provides homeowners with lower housing costs and better access to home financing. 12 U.S.C. § 1451 (2012).

Because it purchases mortgages from lenders across the country, Freddie Mac sometimes is forced to initiate foreclosure after a borrower defaults on the mortgage. Where the occupant of a property refuses to leave the premises after foreclosure, Freddie Mac generally initiates eviction proceedings.

In the present case, Freddie Mac acquired title to property at 3009 Mardel Avenue, Baltimore, Maryland, 21230 (the "premises" or "Property") on about February 26, 2014 by deed recorded on July 7, 2014, following a foreclosure sale. At the time Freddie Mac acquired title, the Property was occupied by Frederico Don Broom and/or Tanya Dunn (collectively, the "Occupants"). *See* Am. Compl. ¶¶ 4, 5, 10, 11.; *see also* Exhibit "A", Docket Sheet *Driscoll v. Talbot,* Case No. 24-O-13-002540; *see also* Exhibit "B" Order Denying Judgment Awarding Possession, August 12, 2014. Freddie Mac initiated eviction proceedings, but the Occupants continued to occupy, possess, and control the Property until at least August 19, 2014.[1] *See* Exhibits "A" and "B".

On September 25, 2015, Plaintiffs filed their Amended Complaint. Plaintiff Darlene Brown, individually, and as parent, guardian, and next of minor child, S.T. (collectively "Plaintiffs"), allege that, on July 20, 2014, they visited the Occupants at the Property, where S.T. was bitten by the Occupants' dog (Am. Compl. ¶¶ 11-13) and that Freddie Mac is somehow liable to Plaintiff for the alleged dog bite. *Id.* at Counts VII, X, XIII, XIV, XV and XVIII. On December 11, 2015, Freddie Mac removed the case to this Court.

---

[1] In August 2014, the Occupants finally agreed to vacate the premises for $2,500 pursuant to a "Cash for Keys" agreement.

2

The Amended Complaint simply does not articulate a legitimate basis for Freddie Mac's alleged liability with respect to the Occupants' dog. On the contrary, as further discussed below, Freddie Mac owed no duty, and is not liable, to Plaintiffs because it did not possess or control the Property at the time of the alleged incident (nor did it own the dog). Moreover, Plaintiffs do not, and cannot, plausibly allege that Freddie Mac had "notice" of the Occupant's dog, nor can they offer any plausible theory under which the alleged bite or injury had anything to do with Freddie Mac. As discussed below, Plaintiffs cannot plausibly allege that Freddie Mac possessed or controlled the Property or the dog, or that the Occupants acted on behalf of Freddie Mac in any way. Accordingly, the Court should dismiss the claims against Freddie Mac, with prejudice.

## II.  LEGAL STANDARD

### a.  MOTION TO DISMISS

Although, in considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff," *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), Rule 8 of the Federal Rules of Civil Procedure requires more than "unadorned, the defendant-unlawfully harmed me accusation[s];" "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint cannot survive a motion to dismiss unless it alleges well-pled facts sufficient "to state a claim to relief that is *plausible on its face*." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (emphasis in the original) (*quoting Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

3

and plausibility of 'entitlement to relief.'" *Id.* (internal citations omitted). *Id.* The "facial plausibility" standard is only met where "the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are not acceptable. *Id.* (internal quotation marks omitted). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).

A court should not presume the truth of conclusory allegations; instead, it may look only to "factual allegations...to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Plaintiff's Amended Complaint fails to meet these fundamental requirements and should be dismissed.

### III. ARGUMENT

#### a. Freddie Mac Did Not Possess Or Control The Property (or the Dog) At The Time Of The Alleged Incident, And It Is Not Liable for the Alleged Dog Bite.

Plaintiffs incorrectly contend that Freddie Mac was strictly liable for the dog bite and that it was negligent. *See* Am Compl. Counts VII, X, XIII, XIV, XV and XVIII. Neither theory of liability, however, can be maintained and Plaintiffs' allegations are without merit.

Plaintiffs cannot establish that Freddie Mac was liable, let alone strictly liable, for the alleged dog bite. Strict liability for animals pursuant to Maryland law arises *"when an owner"* of an animal exposes to the community an animal which the owner knows is dangerous. *Moura v. Randall*, 199 Md. App. 632, 651, 705 A.2d 334, 344 (1998). Plaintiffs allege that Broom and/or Dunn, and not Freddie Mac, own the dog that allegedly attacked S.T. Am. Compl. ¶¶ 4. Plaintiff

thus admits that Freddie Mac did not own the dog, and Freddie Mac cannot be strictly liable for the alleged injuries, as a matter of law.[2]

Nor is Freddie Mac liable for negligence relating to the alleged dog bite. To prove negligence, Plaintiffs must demonstrate that: "(1) the landlord controlled the dangerous or defective condition; (2) the landlord had knowledge or should have had knowledge of the injury causing condition; and (3) the harm suffered was a foreseeable result of that condition." *Ward v. Hartley*, 168 Md. App. 209, 214-15, 895 A.2d 1111, 1114 (2006) (*holding modified by Tracey v. Solesky*, No. 53 SEPT.TERM 2011, 2012 WL 1432263 (Md. Apr. 26, 2012)) (*holding modified by Tracey v. Solesky*, 427 Md. 627, 50 A.3d 1075 (2012)) (*superceded by* Md. Code. Ann., Cts. & Jud. Proc. § 3-1901). Plaintiffs cannot do so here.

As a threshold matter, Plaintiffs cannot show that Freddie Mac controlled the Property, let alone the dog, at the time of the alleged incident. As discussed above, public records show that the Property was occupied at the time of the alleged incident, and the Occupants retained possession and control over the Property until August 2014, approximately a month *after* the alleged incident. *See* Exhibits "A" and "B". Given the Occupants' clear occupation and control of the Property, Freddie Mac was, at most, an owner "out of possession" who cannot be liable for

---

[2] Although *Tracey v. Solesky*, 427 Md. 627, 50 A.3d 1075 (2012), concluded that "a landlord or other person who has the right to control the pit bull's presence on the subject premises," could be held strictly liable for a pit bull attack on the owner's premises, the Maryland legislature subsequently revised the law and superseded *Tracey* to provide instead that common law negligence principles apply. *See* Md. Code. Ann., Cts. & Jud. Proc. § 3-1901(b) ("[A]n action against a person other than an owner of a dog for damages for personal injury or death caused by the dog, the common law of liability relating to the attacks by dogs against humans that existed as of April 1, 2012 [prior to *Tracey*] is retained as to the person without regard to the breed or heritage of the dog."). Moreover, the conclusion in *Tracey* was based in part on evidence that the dog was a pit bull terrier and that the property owner could control the pit bull's presence on the subject premises. *See Tracey*, 50 A.3d at 1080. Even if *Tracey* applied, which it does not, Plaintiffs have not alleged that Blue was a pit bull, nor have they made, nor can they make, any specific factual allegations that Freddie Mac had the right or ability to control the dog's presence at the premises. *See generally* Am. Compl.

negligence. *See Ward v. Hartley*, 168 Md. App. 209, 215, 895 A.2d 1111 (2006) (a landlord's liability depends on the "ability to exercise a degree of control over the defective or dangerous condition and to take steps to prevent injuries arising therefrom.").

The Maryland Court of Special Appeals has held that a property owner is <u>not</u> liable in circumstances such as those presented here. In *Ward*, the Court upheld summary judgment in favor of a landlord against plaintiff's claims that the landlords were negligent and strictly liable relating to a pit bull attack. The Court refused to find the landlords liable because they did not control the portion of the premises where "the dangerous or defective condition" (i.e. the pit bull) existed.[3] *Id.* at 219. The Court noted that "[a] common thread running through many of our cases involving circumstances in which landlords have been held liable (*i.e.*, common areas, pre-existing defective conditions in the leased premises, a contract under which the landlord and tenant agree that the landlord shall rectify a defective condition) *is the landlord's ability to exercise a degree of control over the defective or dangerous condition and to take steps to prevent injuries arising therefrom.*" *Id.* at 215 (emphasis in original).

Like the landlords out of possession in *Ward*, Freddie Mac had no control over the premises, let alone the Occupants and their dog, at the time of the alleged incident. Freddie Mac, as an owner out of possession, is not liable for any alleged harm caused by the Occupants' dog. For that reason alone, the Court should dismiss the Amended Complaint with prejudice.[4]

The Court should also dismiss the Complaint with prejudice because Plaintiffs' have failed to allege any plausible basis for Freddie Mac's liability. Far from alleging well-pled facts

---

[3] *Ward* was decided pre-*Tracey* and remains good law.

[4] Freddie Mac is even more removed from any potential liability than the defendant in *Ward*, as Freddie Mac was never a "landlord" with respect to the Occupants. The Occupants possessed the Property at the time Freddie Mac acquired title, and had no lease with Freddie Mac, which was attempting to evict them at the time of the alleged incident.

sufficient "to state a claim to relief that is plausible on its face" as required under *Iqbal*, 556 U.S. at 678, Plaintiff impermissibly relies on the "naked assertion, devoid of further factual enhancement," that "despite actual and/or constructive notice of the unsafe and reasonably dangerous condition" Freddie Mac failed to warn Plaintiffs. Am. Compl. ¶ 71. Plaintiffs, however, offer no plausible basis to conclude that Freddie Mac had "notice" of the alleged "dangerous condition" – the Occupants' dog.[5] Nor can Plaintiffs offer any plausible theory under which the alleged bite or injury had anything to do with Freddie Mac. As discussed, Freddie Mac did not possess or control the Property, and Plaintiffs cannot plausibly allege that Freddie Mac owned or controlled the dog or that the Occupants acted on behalf of Freddie Mac in any way. Accordingly, Plaintiffs have failed to state a cause of action against Freddie Mac as a matter of law. *See Francis*, 588 F.3d at 193 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief' as required by Rule 8."). *See Francis*, 588 F.3d at 193 (*quoting Twombly*, 550 U.S. at 557) ("[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief'").

Finally, Plaintiffs make reference to § 12-8-102 'Dangerous Animals' which Plaintiffs allege is an ordnance "in effect in Baltimore City" in Count X (Strict Liability) and Count XIII (Negligence) on the date of the incident. *See generally* Am. Compl. Plaintiffs' reference to § 12-8-102 is, however, legally irrelevant, because the ordinance is not a Baltimore City ordnance but actually part of the Baltimore *County* Code and governs acts occurring in Baltimore *County* only

---

[5] As discussed above, whether Freddie Mac had notice (which it did not) is irrelevant because the Occupants occupied the Property and Freddie Mac was, at most, an owner out of possession who owed no duty to Plaintiff, let alone a duty with respect to the Occupants' dog. Even if notice were relevant, the Amended Complaint fails to allege any non-conclusory or plausible factual basis to conclude that Freddie Mac had notice of the dog, let alone its alleged aggressive tendencies.

7

on its face. Here the premises are located in Baltimore *City*, which is the jurisdiction where the alleged dog bite occurred. Moreover, even were the ordinance jurisdictionally apposite, which it is not, the statute defines an "owner" as a "person who possesses, has custody of, exercises control over, or has a property right *in the animal.*" *Id.* § 12-8-101 (d) (1) (i) (emphasis added). Here, as discussed, there is no dispute that Freddie Mac did not own or control the dog. In addition, Baltimore County considers an animal "dangerous" for purposes of the ordinance only if the Health Officer declares that the animal poses a threat to the public health or safety. *See* Balt. County. Code. § 12-8-101 (a) (1). Here, there is no allegation that a Health Officer ever declared Blue a "dangerous animal" pursuant to the ordnance. Freddie Mac thus cannot be held liable pursuant to § 12-8-102 'Dangerous Animals', as a matter of law.

## IV. CONCLUSION

For all the foregoing reasons, Federal Home Loan Mortgage Corporation respectfully requests that this Court dismiss this action with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/
David A. Skomba (No. 23664)
Carrie V. O'Brien (No. 18857)
FRANKLIN & PROKOPIK, P.C.
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3061
(410) 752-6868 (fax)
dskomba@fandpnet.com
cobrien@fandpnet.com
*Attorneys for Defendant,*
*Federal Home Loan Mortgage Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2015 a copy of the foregoing *Memorandum of Points and Authorities in support of Federal Home Loan Mortgage Corporation's Motion to Dismiss* was sent electronically through the ECF system, and sent by US Mail first class postage prepaid, to:

Lauren Geisser, Esquire
GILMAN & BEDIGAN, LLC
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
*Attorney for Plaintiff*

And served via first-class mail on:

Frederico Don Broom
1104 Baker Avenue
Woodlawn, Maryland 21207
*Pro se Defendant*

Tanya Louise Dunn
1702 E. 33rd Street
Baltimore, Maryland 21218
*Pro se Defendant*

/s/
David A. Skomba