UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

June 14, 2016

MEMORANDUM TO COUNSEL RE:    Darlene Brown v. Frederico Don Broom, et al.
Civil Action No. GLR-15-3771

Dear Counsel:

Pending before the Court is Defendant's, Federal Home Loan Mortgage Corporation ("Freddie Mac"), Motion to Dismiss. (ECF No. 9). The Motion is ripe for disposition. The Court, having reviewed the Motion and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons stated below, the Court will grant the Motion in part and deny it in part.

On November 20, 2013, Freddie Mac purchased property located at 3009 Mardel Avenue, Baltimore, Maryland during a foreclosure sale. On July 1, 2014, Freddie Mac filed a motion for judgment awarding possession in the Circuit Court for Baltimore City, Maryland. On August 12, 2014, the Circuit Court denied the motion because Freddie Mac failed to conduct a reasonable inquiry into the occupancy status of the property to determine whether the occupant, Defendant Frederico Don Broom, was entitled to rights under the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA").[1] Plaintiff Darlene Brown is a Maryland resident and the mother of minor child S.T. On July 20, 2014, S.T. entered onto the property and was bitten by a dog owned or otherwise controlled by either Broom or Defendant Tanya Louise Dunn. Neither Brown nor S.T. was warned about the dog's propensity to bite people.

On April 27, 2015, Brown filed a Complaint in the Circuit Court. (ECF No. 15). On September 25, 2015, Brown filed a First Amended Complaint, individually and as parent, guardian, and next friend of S.T., alleging claims against Broom, Dunn, and Freddie Mac for premises liability (Counts I, IV, XIV), negligence (Counts II, V, XV), strict liability (Counts III, VI, VII), strict liability for violation of Baltimore County Code § 12-8-102 (Counts VIII, IX, X), negligence for violation of § 12-8-102 (Counts XI, XII, XIII), and economic and non-economic losses of parent (Counts XVI, XVII, XVIII). (ECF No. 2). On December 10, 2015, Freddie Mac removed the matter to this Court pursuant to 12 U.S.C. § 1452 (2012). (ECF No. 1). On December 16, 2015, Freddie Mac filed a Motion to Dismiss. (ECF No. 9). On December 30, 2015, Brown filed an Opposition to the Motion. (ECF No. 11). On January 15, 2016, Freddie Mac filed a Reply to the Opposition. (ECF No. 12).

---

[1] Pub.L. No. 111-22, Div. A, tit. VII, §§ 701–704, 123 Stat. 1632, 1660–62, as amended by Protecting Tenants at Foreclosure Extension and Clarification Act Pub.L. No. 111–203, tit. XIV, § 1484, 124 Stat. 1376, 2204 (2010).

**Motion to Dismiss**[2]

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678 (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). In considering a Federal Rule of Civil Procedure 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Freddie Mac argues it cannot be held liable for the dog's actions because it was not in possession or control of the property at the time of incident. "A purchaser at a foreclosure sale is ordinarily entitled to possession of the property upon ratification of the sale, payment of the purchase price, and conveyance of legal title." Curtis v. U.S. Bank Nat. Ass'n, 50 A.3d 558, 564 (Md. 2012) (citing Legacy Funding LLC v. Cohn, 914 A.2d 760 (Md. 2007)). When a bona fide tenant[3] resides in the sold property, the purchaser becomes the landlord as of the date of sale upon ratification of the sale. Real Prop. § 7-105.6(a). Generally, a bona fide tenant has a right of possession to premises to the exclusion of the landlord. Kessler v. Equity Mgmt., Inc., 572 A.2d 1144, 1149 (Md.Ct.Spec.App. 1990) ("During the term of the tenancy, unless permitted by the terms of the lease, a landlord has no more right to enter premises possessed by the tenant than a stranger would have . . . ." (quoting Miller v. Maryland, 198 A. 710, 714 (Md. 1938))). "It follows that a landlord—or a person who has succeeded to the position of a landlord—

---

[2] Generally, "a court may not consider extrinsic evidence at the 12(b)(6) stage." Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). "A district court may consider public records in deciding a motion to dismiss without converting the motion to one for summary judgment." Carter v. Balt. Cty., 39 F.App'x. 930, 933 (4th Cir. 2002) (quoting Kostrzewa v. City of Troy, 247 F.3d 633, 644 (6th Cir. 2001)). Because the documents attached to the Motion to Dismiss are public records and the Court will consider them, the Court will not convert the Motion to one for summary judgment.

[3] Under Maryland law, a tenant is considered bona fide only if:

> (i) The mortgagor or grantor or the child, spouse, or parent of the mortgagor or grantor under the contract is not the tenant; (ii) The lease or tenancy was the result of an arm's length transaction; and (iii) The lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a federal, State, or local subsidy.

Md. Code Ann., Real Prop. § 7-105.6(b)(1) (West 2016).

would have no right of 'immediate possession' as against a tenant legally in possession of the property under the PTFA (and [Real Prop.] § 7–105.6)." Curtis, 50 A.3d at 564

Freddie Mac purchased the property during a foreclosure sale on November 20, 2013 and became the landlord of the subject property as of that date. Because the Circuit Court did not grant Freddie Mac's motion for immediate possession of the premises, presumably due to Broom's tenancy, Freddie Mac can be considered a landlord out of possession. The Court must determine whether a landlord out of possession can be held liable for a dog bite.

Under Maryland law, a person injured by a dog may bring an action against either the owner or a person other than the owner of the dog. Md.Code Ann., Cts. & Jud. Proc. § 3-1901 (West 2016). "In an action against a person other than an owner of a dog [such as a landlord] for damages for personal injury or death caused by the dog, the common law of liability relating to attacks by dogs against humans that existed on April 1, 2012, is retained as to the person without regard to the breed or heritage of the dog." Id. § 3-1901(b). The common law on April 1, 2012 can be found in Shields v. Wagman, 14 A.2d 881 (Md. 1998), Matthews v. Amberwood Assocs. Ltd. P'ship, Inc., 719 A.2d 119 (Md. 1998), and Solesky v. Tracey, 17 A.3d 718 (Md.Ct.Spec.App. 2011).[4]

To state a claim against a landlord for injuries caused by a tenant's dog, the plaintiff must allege: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached the duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." Shields, 714 A.2d at 884 (quoting BG & E v. Flippo, 705 A.2d 1144, 1153–54 (Md. 1998)). "[W]hether a landlord owes a duty to his or her tenants and their guests with respect to dangerous or defective conditions on the property, of which the landlord has notice, depends upon the circumstances presented." Matthews, 719 A.2d at 123. Generally, a landlord is not liable to a tenant or guest of a tenant for injuries from a dangerous condition within the leased premises that comes into existence after the tenant has taken possession because the landlord "has parted with control." Id. at 125 (quoting Marshall v. Price, 161 A. 172 (Md. 1932)).

---

[4] The holdings in Shield and Matthews were modified by Tracey v. Solesky, 50 A.3d 1075 (Md. 2012), in which the Court of Appeals of Maryland developed a new rule regarding claims against landlords in dog-bite cases. On April 26, 2012, the court stated:

> upon a plaintiff's sufficient proof that a dog involved in an attack is a pit bull or a pit bull mix, and that the owner, or other person(s) who has the right to control the pit bull's presence on the subject premises (including a landlord who has the right and/or opportunity to prohibit such dogs on leased premises as in this case) knows, or has reason to know, that the dog is a pit bull or cross-bred pit bull mix, that person is strictly liable for the damages caused to a plaintiff who is attacked by the dog on or from the owner's or lessor's premises.

Tracy, 50 A.3d at 1089. On August 21, 2012, upon reconsideration, the court removed "cross-bred pit bull mix" from the rule. Id. at 1097. On April 8, 2014, the General Assembly of Maryland enacted a statute abrogating the court's rule regarding pit bulls. Cts. & Jud. Proc. § 3-1901(b).

Though the landlord has parted with much control over the leased premises, the presence of a dangerous dog on the premises can be controlled through the terms and conditions of the lease and the landlord's decision to permit the dog owner's continued tenancy upon notice of the vicious animal. See Matthews, 719 A.2d at 126–27 ("By the terms of the lease, the landlord had retained a large measure of control over the presence of such an animal in the leased premises. . . . [I]t is not unreasonable to impose upon the landlord a duty owed to guests who are either on the leased premises or the common areas."); Shields, 714 A.2d at 889–90 (concluding landlord's ability to control dog's presence on premises by refusing to renew lease unless owner removed dog or taking other remedial measures provided sufficient basis for liability). To impose a duty on the landlord regarding an occupant's dog, the landlord must have been aware of the dog that has exhibited viciousness, and there must have been some opportunity for the landlord to exert control over the presence of the dog. Solesky, 17 A.3d at 733 (citing Matthews, 719 A.2d at 131–32).

Here, Brown alleges Freddie Mac knew Broom and Dunn's dog was on the premises, knew the dog exhibited viciousness in the past, and had control over the presence of the dog on the premises through a lease with Broom. Because "knowledge and other conditions of a person's mind may be alleged generally," Fed.R.Civ.P. 9(b), and Brown is not required to forecast evidence to prove the elements of the her claims, the Court finds that Brown has alleged sufficient facts to support claims against Freddie Mac for the injuries suffered by S.T. at this stage of the litigation. As such, the Court will deny the Motion as to Counts VII, XIV, XV, and XVIII.[5]

For the foregoing reasons, Freddie Mac's Motion to Dismiss (ECF No. 9) is GRANTED in part and DENIED in part. Counts VIII, IX, X, XI, XII, and XIII of the First Amended Complaint will be DISMISSED as to all Defendants. Despite the informal nature of this memorandum, it shall constitute an Order of this Court and the Clerk is directed to docket it accordingly.

                    Very truly yours,

                    /s/
                  _____

                  George L. Russell, III
                  United States District Judge

---

[5] As Freddie Mac notes, Brown brings claims against all Defendants for negligence and strict liability for violating Baltimore County Code § 12-8-102 regarding dangerous animals. Because the leased premises are located, and the incident occurred, in Baltimore City, it is clear to the Court that Defendants cannot be held liable for violating ordinances in an unrelated county. The Court will, therefore, grant the Motion as to Counts VIII, IX, X, XI, XII, and XIII and dismiss these claims.