

**The B&O Building**
**2 N. Charles Street, Suite 600**
**Baltimore, MD 21201**
**410.752.8700**
**410.752.6868 Fax**
**www.fandpnet.com**

**DAVID A. SKOMBA**
**410.230.3616**
**dskomba@fandpnet.com**

**Admitted in Maryland**

November 8, 2016

**VIA FIRST-CLASS MAIL**

The Honorable Judge George L. Russell, III
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      RE:    **Brown, Darlene, et al. v. Frederico Don Broom, et al**
              Case No. 1:15-cv-03771

Dear Judge Russell:

      I write on behalf of my client the Federal Home Mortgage Company ("Freddie Mac") pursuant to directive 5 in the Court's letter order filed July 26, 2016 (Standing Order on Discovery Procedures, ECF 30-2). The dispute is simple, despite repeated extensions and requests, the Plaintiffs have not provided answers to interrogatories under oath as required under the Rules. As the Court may recall, Freddie Mac's Motion to Dismiss was granted in part, and denied in part, the denial arising from the fact that the Court must take all well pleaded facts as true on a motion to dismiss (ECF 26). The Plaintiffs in their complaint alleged notice of the alleged dangerous condition, the dog "Blue," hence the partial denial. The interrogatories propounded by Freddie Mac were tailored to discover what, if any, facts, circumstances, testimony or other evidence the Plaintiffs might have to show scienter, actual or constructive, on Freddie Mac's part of "Blue," prior to the occurrence they complain of (the dog bite) in the complaint.

      It is Freddie Mac's intention to file a motion for summary judgment once the Plaintiffs' answers to interrogatories under oath are submitted if they do not demonstrate scienter/notice. If they purport to do so, Freddie Mac would then conduct further discovery as to the facts, circumstances, testimony or other evidence identified by the Plaintiffs.

      For the record, interrogatories were served on the Plaintiffs (in both an individual and in a representative capacity as next friend) on August 12, 2016. The answers would have been due

on or about September 15, 2016. A three (3) week extension was requested by Plaintiffs through their counsel on September 15, and undersigned counsel provided our consent to that request. Before a conference call with the Court, on October 12, 2016, during the setup of the call to Court, undersigned counsel agreed to another extension for executed answers under oath to be provided by Plaintiff on or before October 19, 2016. This conversation was confirmed via email. However, unsigned "draft" answers were only provided on October 25, 2016, Plaintiffs' counsel advising she was "having difficulty speaking with [her] client to review the discovery responses." Undersigned counsel wrote the Plaintiffs' counsel on November 2, 2016, via email, to advise that if signed answers to interrogatories under oath were not provided by close of business on Friday, November 4, 2016, then relief from the Court would be requested. We waited until today to file this letter to make sure the executed answers were not in the mail.

In keeping with the spirit of the Standing Order, none of the emails or documents that would normally be appended as exhibits to a motion have been appended to this letter. If the Court should desire such documentation, the undersigned will promptly provide it.

The relief requested is 1) an order requiring Plaintiffs to provide answers to all interrogatories executed under appropriate oath within three (3) days of the order or, in the alternative, to preclude Plaintiffs from presenting any evidence that should have been disclosed via their answers or, in the alternative, for a dismissal of the action as it pertains to Freddie Mac. At this point, fees are not being sought.

Very truly yours,

/s/

David A. Skomba

cc:  Lauren Geisser, Esq. and Scarlett Corso, Esq., *Counsel for Plaintiff* (via First-class mail)
     Frederico Don Broom, *Pro Se Defendant* (via First-class mail)
     Tanya Louise Dunn, *Pro Se Defendant* (via First-class mail)